UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ARAMARK CORRECTIONAL SERVICES, LLC, | ) ) ) | MISC-12-111-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND GRANTING THIRD PARTY'S MOTION TO QUASH |
| COUNTY OF COOK, a body politic and corporate organized under the laws of the State of Illinois, | ) ) ) ) | |
| Defendant. | ) | |

Plaintiff, ARAMARK Correctional Services, LLC, and third party, Catering by Marlin's Inc., d/b/a CBM Managed Services, are involved in a bid protest lawsuit that is pending in the United States District Court for the Northern District of Illinois. This miscellaneous matter is before the court because Aramark moves the court to compel CBM to comply with a subpoena *duces tecum* and a Rule 30(b)(6) deposition subpoena. Docket 1. CBM opposes the motion to compel and moves to quash the subpoenas. Docket 13. The motion to compel is denied, and the motion to quash is granted.

## BACKGROUND

On August 3, 2012, Aramark brought suit against Cook County for numerous claims relating to a bid protest, and Aramark later moved for a preliminary injunction. Docket 2 at 1-2. The District Court for the Northern District of Illinois established an expedited discovery schedule and set a hearing on the motion for preliminary relief for September 5-6, 2012. As per

that schedule, Aramark served a subpoena *duces tecum* and subpoena *ad testificandum* on CBM on August 9, 2012. Because CBM is a South Dakota corporation, the District of South Dakota issued the subpoenas in dispute.

On August 16, 2012, CBM told Aramark that its subpoena *ad testificandum* was invalid because Aramark failed to contemporaneously tender witness fees and mileage at the time of service. On August 22, 2012, Aramark moved to compel CBM to provide the documents and testimony requested claiming that both are highly relevant and that CBM's objections are without merit. Docket 1. This court ordered CBM to respond to the motion to compel. Docket 7. On August 28, 2012, CBM moved to quash the subpoenas, opposed the motion to compel, and alternatively asked the court to enter a protection order. Docket 13.

Because Aramark agreed it would not enforce the subpoena *duces tecum*,[1] the only issue before the court is Aramark's request to compel CBM to present its Rule 30(b)(6) witness to testify on the limited subjects of CBM's RFP process and any communications with Cook County. Docket 17.

## DISCUSSION

Service of a subpoena shall be made by "delivering a copy to the named person and, if the subpoena requires the person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). "Failure to tender the appropriate sums at the time the subpoena is

---

[1] "ARAMARK will not seek to enforce the subpoena *duces tecum* at this time." Docket 17 at 3.

served invalidates the subpoena." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2454 at 402-03 (3d ed. 2008); *see also CF & I Steel Corp. v. Mitsui & Co. (U.S.A.)*, 713 F.2d 494, 496 (9th Cir. 1983) ("[T]he plain meaning of Rule 45[(b)(1)] requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena."). Currently, "[a] deposition witness is entitled to a statutory fee of forty dollars and a reasonable mileage allowance based on his mode and distance of transportation." *In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003) (citing 28 U.S.C. §§ 1821(b)-(c)).

The record indicates that Aramark provided a check in the amount of $23.33 at the time of service. This is clearly less than the amount owed to CBM's Rule 30(b)(6) witness, who should receive at least $40 per day. Even though the difference between the amount paid and the amount owed may be small, "rule 45(b)(1) contains no *de minimis* exception." *In re Dennis*, 330 F.3d at 705. For this reason, the subpoena *ad testificandum* was not properly served and is not valid. The court cannot compel CBM to comply with an invalid subpoena.

Aramark claims that it can remedy the service of the subpoena by tendering the appropriate witness fee and mileage if and when the deposition of the Rule 30(b)(6) witness occurs. Aramark has brought forth no Eighth Circuit Court of Appeals precedent, or any argument[2] or precedent for that matter,

---

[2] Aramark said it would "correct this technical defect by tendering a check for the correct amount" if the court "orders CBMS to appear for deposition."

that establishes that the defect in the subpoena can be remedied at a later date when the other party has objected to the form of service. At this stage in the litigation, the subpoena *ad testificandum* is invalid, and the court cannot force CBM's compliance.

## CONCLUSION

Aramark failed to conduct proper service of its subpoena *ad testificandum* when it did not tender appropriate witness fees and a reasonable mileage allowance. The subpoena is invalid and cannot be enforced. Accordingly, it is

ORDERED that plaintiff's motion to compel (Docket 1) is denied.

IT IS FURTHER ORDERED that CBM's motion to quash (Docket 13) is granted.

Dated August 31, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

---

Docket 17 at 4 n.4.